## QUIÑONES *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 43.—Decided January 27, 1910.

RECORD OF RIGHT OF INHERITANCE.—In order to record a right of inheritance it is sufficient to present the authentic document from which such right appears, provided the inherited property is recorded in favor of the predecessor in interest, and that there is only one heir or several seeking the record of the undivided property.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

From the pleadings and documents in this case it appears that the appellant, Miguel Quiñones Cabezudo, on January 22, 1908, presented for admission to record at the Registry of Property of Caguas, the deed of purchase and sale executed in Ponce, December 14, 1907, before Notary Public Tous Soto, by John D. H. Luce, on his own behalf and as legal representative of his infant son, Stephen Bleecker, and by the appellant, Quiñones, both parties thereto being respectively represented by their attorneys, Pedro Juan Rosalí and Tomás C. Colón. That after said deed had been presented, the registrar, without affixing a memorandum refusing its admission to record, called for the declaration of heirs of Louisa Davis, in whose name the estate sold was recorded, made in favor of the vendors. That upon production of said document from which it appears that Stephen Bleecker Luce was declared sole and universal heir of his legitimate mother, Louisa Davis, without prejudice to the usufructuary portion appertaining to the surviving spouse, John D. Luce, the registrar placed a memo ancr    the end of said document to the effect that it was r      ecorded     use the receipts of the inheritance t        been a       d thereto.   And that said

receipts having been produced, the registrar wrote under the declaration of heirs, next to the previous memorandum, the following decision:

"The above document is not admitted to record because of the incurable defect of absence of a liquidation of the property of the conjugal partnership betweeen John D. H. Luce and Louisa Davis, to which the estate the record of which is sought, belongs; and as it appears on the face of the title that the declared heirs of Louisa Davis are more than one, namely, her son Stephen Bleecker Luce, and her husband, John D. Luce, it is impossible to determine who is the owner of said estate, and in case it should belong to both heirs, said title is unaccompanied by a document showing the extent of part ownership therein appertaining to each, for which purpose, as stated above, a liquidation of the conjugal partnership is first required to be made; and upon presentation of a petition and a receipt of the inheritance tax, cautionary notice was entered for 120 days with respect to a rural estate of 105 *cuerdas,* situated in *barrio* "Barra," on folio 250, reverse, of volume 24 of this municipality, estate No. 831, entry letter C. Caguas, October 26, 1909. S. Abella Bastón, Registrar."

From this decision of the registrar, refusing admission of the document to record, the present administrative appeal was taken. The only question to be decided in this case, therefore, is whether or not the declaration of heirs should be admitted to record, it not being incumbent upon us to consider whether or not the deed of December 14, 1907, should be recorded, inasmuch as the registrar has not yet refused to do so.

The question involved in this appeal has already been passed upon by this Supreme Court in the case of *Estate of Dávila* v. *The Registrar of Caguas,* (15 P. R. Rep. 652) decided November 3, 1909, wherein Mr. Justice Figueras, in delivering the opinion of the court, expressed himself in the following terms:

"For the purpose of recording a right of inheritance it is sufficient to present the authentic document containing said right, provided both these circumstances are met: First, that the property inherited appears recorded in favor of the predecessor in interest, as

happens in the present instance, and, second, that there be but one heir or several demanding a record *pro-indiviso* (in common). So, then, the instrument of inventory, division and adjudication can be demanded only when the heirs request that an entry be made of their respective shares in the property inherited, but not when, based upon the fact of the *pro-indiviso,* they desire only that their hereditary right should be entered in the registry, with respect to estates recorded in the name of their predecessor in interest. In accordance with this principle, sustained by the decisions of March 13, 1885, and February 25, 1888, the hereditary right of specified persons are recordable underneath the record of the estate appearing as belonging to their predecessor in interest and described in the application."

For these reasons the memorandum of the registrar, of October 26, 1909, should be reversed, and a decision rendered to the effect that the declaration of heirs, referred to above, is recordable and should be admitted to record in the Registry of Property of Caguas.

*Reversed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.